## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLAIR DOUGLASS, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO.: |
| ) | |
| v. ) | 2:22-cv-00936-AJS |
| ) | |
| 360SWEATER COMPANY, LLC, ET AL. ) | |
| ) | |
| Defendant. ) | |

### MOTION TO DISMISS

AND NOW the Defendant 360sweater Company, LLC ("360sweater") files this Motion to Dismiss and avers as follows:

1. This matter involves a dispute regarding the accessibility of Defendant's website, https://www.nakedcashmere.com ("the Website"). See Plaintiff's Complaint at ¶ 26. A copy of Plaintiff's Complaint is attached hereto as Exhibit 1.

2. The Complaint avers that Plaintiff is legally blind and uses two different screen-reader applications, JAWS 2022 and VoiceOver, to access digital content such as websites. See Exhibit 1 at ¶ 21.

3. The Complaint further avers that Plaintiff encountered various accessibility issues while accessing the Website via VoiceOver, but does not contain any averments that the Website was inaccessible via JAWS 2022. See Exhibit 1.

4. As averred in the Complaint, Plaintiff submitted a request for accommodation to 360sweater. See Exhibit 1 at ¶ 45; see also email communications exchanged between the parties, a copy of which is attached hereto as Exhibit 2.

5. 360sweater timely responded to Plaintiff's request for accommodation and expressed its willingness to resolve any accessibility issues that Plaintiff may have encountered. See Exhibit 2.

6. 360sweater successfully resolved a number of alleged issues identified by Plaintiff and was in the process of analyzing the final issue relating to accessing the website via VoiceOver when, without any advance notice, Plaintiff initiated this lawsuit on July 1, 2022. See Exhibits 1-2.

**I. Plaintiff's Complaint Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to Aver Facts Demonstrating That 360sweater Company did not Provide a <u>Reasonable Accommodation.</u>**

7. "To state a claim under Title III of the ADA, a plaintiff must show '(1) discrimination on the basis of a disability; (2) in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation; (3) by the public accommodation's owner, lessor or operator.'" *Anderson v. Macy's, Inc.*, 943 F. Supp. 2d 531, 542–43 (W.D. Pa. 2013) (*quoting Harty v. Burlington Coat Factory of Pennsylvania, L.L.C.*, 2011 WL 2415169, at *9 (E.D. Pa. 2011)).

8. The antidiscrimination provisions in Title III are not without limitations. "The ADA does not require a place of public accommodation to provide a plaintiff with the ideal or preferred accommodation; rather, [it] requires that a defendant provide a plaintiff with an accommodation that is reasonable and permits the plaintiff to participate equally in the good, service, or benefit being offered." *Hernandez v. Roche*, 2021 WL 4205610, at *3 (W.D. Tex. 2021) (quoting *Bailey v. Bd. of Comm'rs of La. Stadium Exposition Dist.*, 484 F. Supp. 3d 346, 365 (E.D. La. 2020); 1 *Americans with Disab. Pract. & Compliance Manual* § 4:1, *Nondiscrimination Mandate*).

9. In the case at hand, the Complaint avers that Plaintiff utilizes two different screen readers to access websites – JAWS 2022 and VoiceOver. See Exhibit 1 at ¶ 21 ("Douglass relies on screen access software, including JAWS 2022 from Freedom Scientific and VoiceOver with iOS, to access digital content, like an email, a website, or an app").

10. The Complaint avers that 360sweater's website is incompatible with VoiceOver but does not aver that it is incompatible with JAWS 2022 (see Exhibit 1 at ¶¶ 44-46). Nor can the Complaint be amended to include such averments.

11. On May 17, 2022, Plaintiff's counsel advised as follows regarding his attempts to access the website using JAWS 2022:

> The entire website remains inaccessible to VoiceOver on iOS, literally. Below is a link to video that shows that although VoiceOver can scroll down the page, it cannot tab to the website's primary content. This is analogous to a brick-and-mortar store that excludes consumers in wheelchairs because it can only be accessed up a flight of stairs. Our client cannot shop in this store on iPhone.
>
> https://youtube.com/shorts/k3dOt6bUfTI?feature=share
>
> This is not true when attempting to access the desktop website using JAWS. Unlike VoiceOver, where blind consumers cannot get in the front door to your client's online store, JAWS does tab to the primary webpages of the website. Unfortunately, once inside, your client fails to communicate much of the content that is available to sighted consumers. For example, while using JAWS, I could not select what size shirt to purchase. As a result, JAWS users are limited to the size your client selects by default, or in this case, Medium. Also, I could not activate the "more info" link to learn how to pay for my purchase in 4 interest-free installments.



12. On June 22, 2022, 360sweater responded as follows:

> We took a look at the issues you reported with the radio buttons and "more info" link when accessing the site with JAWS as depicted in the screenshot below. Both features appear to be functioning correctly – see attached video.
>
> The fact that we are getting two different results on the same website and (presumably) using the same screen reader software suggests to me that this may be a configuration issue. If you are still encountering the same issues we would be happy to look into this further. If so, I suggest providing details regarding the configuration you are using (operating system, JAWS version, etc.) and I can run that information by AccessiBe to see if it might explain the difference in user experiences. Since Mr. Douglass uses JAWS on his desktop computer it would probably also be worthwhile to have him access the same page and see if he encounters the same issues that you encountered.

13. The next day, Plaintiff's counsel acknowledged that the issues that had previously been reported while using JAWS were attributable to user error:

> Thanks for this information. I returned to the website and, after a little messing around, I was able to navigate to the sizing options using the up and down arrows, not the tab button. I cannot recall whether I tried these alternatives previously. I was also able to access the Afterpay pop-up this time. We appreciate your client making this change since my last visit.

See pre-suit email correspondence attached hereto as Exhibit 2.

14. As set forth above, the ADA requires that a defendant provide a plaintiff with an accommodation that is reasonable and permits the plaintiff to participate equally in the good, service, or benefit being offered but it does not require that the defendant acquiesce to the plaintiff's preferred form of accommodation.

15. There is no dispute that the Website is accessible using JAWS 2022, and therefore Plaintiff is able to participate equally in the goods being offered on the Website.

16. Accordingly, Plaintiff's claim under Title III is legally deficient.

## II. Plaintiff's Complaint Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to Engage in the Interactive Process.

17. While the Third Circuit has not yet addressed the question of whether and to what extent a plaintiff is required to engage in the interactive process before asserting a Title III claim, a number of courts have dismissed complaints where the plaintiff failed to do so. *See, e.g.*, *Koester v. Young Men's Christian Ass'n of Greater St. Louis*, 855 F.3d 908, 913 (8th Cir. 2017) (affirming dismissal of Title III claim where plaintiff failed to engage in the interactive process and filed suit before the defendant made a final decision regarding plaintiff's request for accommodation); *Hernandez v. El Pasoans Fighting Hunger*, 2021 WL 2763827, at *4 (W.D. Tex. 2021) (granting motion to dismiss where complaint failed to aver facts as to "whether there was a breakdown of good-faith, informal interactive discussions with Defendants and to whom the breakdown was traceable"; *see also Forbes v. St. Thomas Univ., Inc.*, 768 F. Supp. 2d 1222, 1231 (S.D. Fla. 2010) (obligation to engage in the interactive process is not limited to Title I of the ADA); *but see Tauscher v. Phoenix Bd. of Realtors, Inc.*, 931 F.3d 959, 965 (9th Cir. 2019) (defendant not relieved of obligations under Title III due to plaintiff's failure to engage in interactive process).

18. In the case at hand, 360sweater timely responded to Plaintiff's request for accommodation and expressed its willingness to resolve any accessibility issues that Plaintiff encountered on the website. See Exhibit 2.

19. 360sweater successfully resolved a number of issues identified by Plaintiff and was in the process of analyzing the final issue identified by Plaintiff when, without any advance notice, Plaintiff initiated this lawsuit on July 1, 2022. See Exhibit 1.

20. As Plaintiff failed to act in good faith and engage in the interactive process, Plaintiff's claims should be dismissed.

**WHEREFORE**, Defendant 360sweater Company, LLC respectfully requests this Honorable Court granted Defendant's Motion to Dismiss and dismiss the Plainitff's Complaint with prejudice, consistent with the attached proposed Order.

### CERTIFICATION PURSUANT TO THE COURT'S JULY 15, 2022 ORDER

The moving party has made good faith efforts to meet and confer with the nonmovant to determine whether the identified pleading deficiencies properly may be cured by amendment.

**FREEMAN MATHIS & GARY, LLP**

/s/ *Sean Riley*

Sean R. Riley
Pennsylvania Bar No. 208292
2009 Mackenzie Way, Suite 100
Cranberry Township, PA 16066
(267) 808-8732
sriley@fmglaw.com
*Attorney for Defendant 360sweater Company, LLC*

#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLAIR DOUGLASS, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE NO.: |
| ) | |
| v. ) | 2:22-cv-00936-AJS |
| ) | |
| 360SWEATER COMPANY, LLC, ET AL. ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

AND NOW, the Defendant 360sweater Company, LLC ("360sweater") files this Memorandum of Law in support of its Motion to Dismiss and avers as follows:

### I.    BASIS FOR THIS MOTION

Plaintiff's Complaint seeks to assert a claim of discrimination under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189 based on failure to accommodate. Specifically, the Complaint avers that a number of elements of 360sweater's website are not compatible with a VoiceOver, a particular screen reader auxiliary aid utilized by Plaintiff. As set forth herein, 360sweater engaged in the interactive process and resolved all accessibility issues raised by Plaintiff relating to his ability to access the website's features using another screen-reader, JAWS 2022, and was in the process of Plaintiff's complaints regarding VoiceOver when Plaintiff filed suit. As set forth in greater detail below, Plaintiff's claims are legally deficient as the website at issue is fully accessible via JAWS 2022. Further, Plaintiff's claims must be dismissed because Plaintiff failed to engage in the interactive process.

## II.  QUESTIONS PRESENTED

1. Whether the Complaint fails to plead sufficient facts supporting a claim under Title III where the Complaint avers that the alleged accessibility issues Plaintiff encountered related exclusively to accessing the website via VoiceOver and not JAWS 2022?

**Suggested Answer:** Yes.

2. Whether Plaintiff failed to engage in the interactive process prior to initiating this lawsuit?

**Suggested Answer:** Yes.

## III.  FACTS

This matter involves a dispute regarding the accessibility of Defendant's website, https://www.nakedcashmere.com ("the Website"). See Plaintiff's Complaint at ¶ 26. A copy of Plaintiff's Complaint is attached hereto as Exhibit 1. The Complaint avers that Plaintiff is legally blind and uses two different screen-reader applications, JAWS 2022 and VoiceOver, to access digital content such as websites. See Exhibit 1 at ¶ 21. The Complaint further avers that Plaintiff encountered various accessibility issues while accessing the Website via VoiceOver, but does not contain any averments that the Website was inaccessible via JAWS 2022. See Exhibit 1.

As averred in the Complaint, Plaintiff submitted a request for accommodation to 360sweater. See Exhibit 1 at ¶ 45; see also email communications exchanged between the parties, a copy of which is attached hereto as Exhibit 2. 360sweater timely responded to Plaintiff's request for accommodation and expressed its willingness to resolve any accessibility issues that Plaintiff may have encountered. See Exhibit 2. 360sweater successfully resolved a number of alleged issues identified by Plaintiff and was in the process of analyzing the final

issue relating to accessing the website via VoiceOver when, without any advance notice, Plaintiff initiated this lawsuit on July 1, 2022. See Exhibits 1-2.

## IV. ARGUMENT

### A. Standard of Review

This Court has succinctly set forth the standard of review for a motion to dismiss as follows:

> A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556).
>
> > The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"
>
> (*Id*.) (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

> The Court of Appeals for the Third Circuit has instructed that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). The court of appeals explained:
>
>> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. See also *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir.2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth."(citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.
>
> *Id*. "Determining whether a complaint states a plausible claim for relief will...be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). A plaintiff must set forth "sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence" of the elements of the claim for relief. Connelly, 809 F.3d at 789; *Trzaska v. L'Oreal USA, Inc.*, 865 F.3d 155, 162 (3d Cir. 2017).

*In re Ry. Indus. Emple. No-Poach Antitrust Litig.*, 395 F. Supp. 3d 464, 477-78 (W.D. Pa. 2019).

### B. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to Aver Facts Demonstrating That 360sweater Company did not Provide a Reasonable Accommodation.

"To state a claim under Title III of the ADA, a plaintiff must show '(1) discrimination on the basis of a disability; (2) in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation; (3) by the public accommodation's owner, lessor or operator.'" *Anderson v. Macy's, Inc*., 943 F. Supp. 2d 531, 542–43 (W.D. Pa. 2013) (*quoting Harty v. Burlington Coat Factory of Pennsylvania,*

*L.L.C.*, 2011 WL 2415169, at *9 (E.D. Pa. 2011)). The antidiscrimination provisions in Title III are not without limitations. "The ADA does not require a place of public accommodation to provide a plaintiff with the ideal or preferred accommodation; rather, [it] requires that a defendant provide a plaintiff with an accommodation that is reasonable and permits the plaintiff to participate equally in the good, service, or benefit being offered." *Hernandez v. Roche*, 2021 WL 4205610, at *3 (W.D. Tex. 2021) (quoting *Bailey v. Bd. of Comm'rs of La. Stadium Exposition Dist.*, 484 F. Supp. 3d 346, 365 (E.D. La. 2020); 1 *Americans with Disab. Pract. & Compliance Manual* § 4:1, *Nondiscrimination Mandate*).

In the case at hand, the Complaint avers that Plaintiff utilizes two different screen readers to access websites – JAWS 2022 and VoiceOver. See Exhibit 1 at ¶ 21 ("Douglass relies on screen access software, including JAWS 2022 from Freedom Scientific and VoiceOver with iOS, to access digital content, like an email, a website, or an app"). The Complaint avers that 360sweater's website is incompatible with VoiceOver but does not aver that it is incompatible with JAWS 2022 (see Exhibit 1 at ¶¶ 44-46). Nor can the Complaint be amended to include such averments. On May 17, 2022, Plaintiff's counsel advised as follows regarding his attempts to access the website using JAWS 2022:

> The entire website remains inaccessible to VoiceOver on iOS, literally. Below is a link to video that shows that although VoiceOver can scroll down the page, it cannot tab to the website's primary content. This is analogous to a brick-and-mortar store that excludes consumers in wheelchairs because it can only be accessed up a flight of stairs. Our client cannot shop in this store on iPhone.
>
> https://youtube.com/shorts/k3dOt6bUfTI?feature=share
>
> This is not true when attempting to access the desktop website using JAWS. Unlike VoiceOver, where blind consumers cannot get in the front door to your client's online store, JAWS does tab to the primary webpages of the website. Unfortunately, once inside, your client fails to communicate much of the content that is available to sighted

consumers. For example, while using JAWS, I could not select what size shirt to purchase. As a result, JAWS users are limited to the size your client selects by default, or in this case, Medium. Also, I could not activate the "more info" link to learn how to pay for my purchase in 4 interest-free installments.



On June 22, 2022, 360sweater responded as follows:

> We took a look at the issues you reported with the radio buttons and "more info" link when accessing the site with JAWS as depicted in the screenshot below. Both features appear to be functioning correctly – see attached video.
>
> The fact that we are getting two different results on the same website and (presumably) using the same screen reader software suggests to me that this may be a configuration issue. If you are still encountering the same issues we would be happy to look into this further. If so, I suggest providing details regarding the configuration you are using (operating system, JAWS version, etc.) and I can run that information by AccessiBe to see if it might explain the difference in user experiences. Since Mr. Douglass uses JAWS on his desktop computer it would probably also be worthwhile to have him access the same page and see if he encounters the same issues that you encountered.

The next day Plaintiff's counsel acknowledged that the issues that had previously been reported while using JAWS were attributable to user error:

> Thanks for this information. I returned to the website and, after a little messing around, I was able to navigate to the sizing options using the up

> and down arrows, not the tab button. I cannot recall whether I tried these alternatives previously. I was also able to access the Afterpay pop-up this time. We appreciate your client making this change since my last visit.

See pre-suit email correspondence attached hereto as Exhibit 2.

As set forth above, the ADA requires that a defendant provide a plaintiff with an accommodation that is reasonable and permits the plaintiff to participate equally in the good, service, or benefit being offered but it does not require that the defendant acquiesce to the plaintiff's preferred form of accommodation. There is no dispute that the Website is accessible using JAWS 2022, and therefore Plaintiff is able to participate equally in the goods being offered on the Website. Accordingly, Plaintiff's claim under Title III is legally deficient.

> **C.   Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to Engage in the Interactive Process.**

While the Third Circuit has not yet addressed the question of whether and to what extent a plaintiff is required to engage in the interactive process before asserting a Title III claim, a number of courts have dismissed complaints where the plaintiff failed to do so. *See, e.g.*, *Koester v. Young Men's Christian Ass'n of Greater St. Louis*, 855 F.3d 908, 913 (8th Cir. 2017) (affirming dismissal of Title III claim where plaintiff failed to engage in the interactive process and filed suit before the defendant made a final decision regarding plaintiff's request for accommodation); *Hernandez v. El Pasoans Fighting Hunger*, 2021 WL 2763827, at *4 (W.D. Tex. 2021) (granting motion to dismiss where complaint failed to aver facts as to "whether there was a breakdown of good-faith, informal interactive discussions with Defendants and to whom the breakdown was traceable"; *see also Forbes v. St. Thomas Univ., Inc.*, 768 F. Supp. 2d 1222, 1231 (S.D. Fla. 2010) (obligation to engage in the interactive process is not limited to Title I of the ADA); *but see Tauscher v. Phoenix Bd. of Realtors, Inc.*, 931 F.3d 959, 965 (9th Cir. 2019)

(defendant not relieved of obligations under Title III due to plaintiff's failure to engage in interactive process).

In the case at hand, 360sweater timely responded to Plaintiff's request for accommodation and expressed its willingness to resolve any accessibility issues that Plaintiff encountered on the website. See Exhibit 2. 360sweater successfully resolved a number of issues identified by Plaintiff and was in the process of analyzing the final issue identified by Plaintiff when, without any advance notice, Plaintiff initiated this lawsuit on July 1, 2022. See Exhibit 1. As Plaintiff failed to act in good faith and engage in the interactive process, Plaintiff's claims should be dismissed.

## V. CONCLUSION

As set forth above, Plaintiff's Complaint fails to plead sufficient facts demonstrating that Plaintiff was denied a reasonable accommodation, as it is undisputed that Plaintiff is able to fully access Defendant's website using JAWS 2022. Additionally, Plaintiff's claims are legally deficient in that Plaintiff has failed to engage in the interactive process. Accordingly, Defendant 360 sweater Company, LLC respectfully requests the Court grant its Motion to Dismiss and dismiss the Complaint with prejudice.

**FREEMAN MATHIS & GARY, LLP**

/s/ *Sean Riley*

Sean R. Riley
Pennsylvania Bar No. 208292
2009 Mackenzie Way, Suite 100
Cranberry Township, PA 16066
(267) 808-8732
sriley@fmglaw.com
*Attorneys for Defendant 360sweater Company, LLC*

## CERTIFICATE OF SERVICE

I certify that I have on this day electronically filed the within and foregoing **Motion to Dismiss and Memorandum of Law in Support Thereof** with the Clerk of the Court using the CM/ECF system and served upon all counsel of record by electronically filing.

This 10th day of August, 2022.

**FREEMAN MATHIS & GARY, LLP**

/s/ *Sean Riley*

Sean R. Riley
Pennsylvania Bar No. 208292
2009 Mackenzie Way, Suite 100
Cranberry Township, PA 16066
(267) 808-8732
sriley@fmglaw.com
*Attorneys for Defendant 360sweater Company, LLC*