# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLAIR DOUGLASS,<br><br>            Plaintiff,<br><br>v.<br><br>BLENDJET INC.,<br><br>            Defendant. | LEAD CASE<br><br>Case No. 2:22-cv-936 |
| BLAIR DOUGLASS,<br><br>            Plaintiff,<br><br>v.<br><br>JWU LLC,<br><br>            Defendant. | MEMBER CASE<br><br>Case No. 2:22-cv-949 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANT JWU LLC's MOTION TO DISMISS</u>**

**Table of Contents**

I.     INTRODUCTION ................................................................................................... 1

II.    STATEMENT OF FACTS ..................................................................................... 2

III.   ARGUMENT .......................................................................................................... 3

       A.   The Complaint Should Be Dismissed Pursuant to Federal Rule of
            Civil Procedure 12(b)(1) Because Plaintiff Lacked Standing When
            The Complaint Was Filed. ........................................................................... 3

            1.   Legal Standard ................................................................................. 3

            2.   Plaintiff Lacked Standing At The Time Of Filing The
                 Complaint. ........................................................................................ 4

            3.   Plaintiff Has Not Alleged An "Injury In Fact." ............................... 5

       B.   The Complaint Should Be Dismissed Pursuant to Federal Rule of
            Civil Procedure 12(b)(6) Because Defendant's Website Is Not A
            "Place of Public Accommodation," And No Nexus To Its Physical
            Location Exists, and Plaintiff Has Not Alleged Facts Showing JWU
            Did Not Provide A Reasonable Accommodation. ....................................... 6

            1.   Legal Standard ................................................................................. 6

            2.   Plaintiff Cannot State A Valid Claim Because He Has Failed
                 To Establish A Nexus Between His Alleged Injuries and Any
                 Physical Location Owned, Operated, Or Controlled By
                 Defendant. ........................................................................................ 8

            3.   The Complaint Fails To Allege Facts That The Website Failed
                 To Provide A Reasonable Accommodation, Where The
                 Pleading Does Not Claim Plaintiff Could Not Access The
                 Website Though Any Of The Screenreader Software He Uses
                 Or The Accessibility Assistance Provided By The Website. .......... 9

IV.    CONCLUSION ..................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*A.L. by and through D.L. v. Walt Disney Parks and Resorts US, Inc.*, 900 F.3d 1270 (11th Cir. 2018)....8

*Anderson v. Macy's Inc.*, 943 F. Supp. 2d 531 (W.D. Pa. 2013)....4, 7

*Anderson v. Macy's Inc.*, No. 2:12-cv-00556, 20....8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)....6

*Bailey v. Bd. of Comm'rs of Louisiana Stadium and Exposition Dist.*, 484 F. Supp. 3d 346 (E.D. La 2020)....8

*Danvers Motor Co. v. Ford Motor Co.*, 432 F....3, 7

*Demetro v. Nat'l Ass'n of Bunco Investigations*, No. 14-6521, 2019 WL 2612687 (D.N.J. Jun. 25, 2019)....7

*Ford v. Schering-Plough Corp.*, 145 F. 3d 601 (3d Cir. 1998)....6, 7

*Garner v. VIST* Bank, No. 12-cv-5258, 2013 WL 6731903, at *5 (E.D. Pa. Dec. 20, 2013)....5

*Giterman v. Pocono Med. Ctr.*, 361 F. Supp. 3d 392 (M.D. Pa. 2019)....4

*Harty v. Burlington Coat Factory of Pennsylvania LLC*, No. 11-cv-01923, 2011 WL 2415169 (E.D. Pa. Jun. 16, 2011)....7

*Hernandez v. El Pasoans Fighting Hunger*, No. EP-21-cv-00055, 2021 WL 2763827 (W.D. Tex. Jul. 1, 2021)....7

*Hollinger v. Reading Health Sys.*, No. 15-cv-5249, 2016 WL 376987 (E.D. Pa. July 14, 2016)....5

*Mahoney v. Herr Foods Inc.*, No. 19-5759, 2020 WL 1979153 (E.D. Pa. Apr. 24 2020)....7

*Mayer v. Belichick*, 605 F.3d 223 (3d Cir. 2010)....7

*Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113 (3d Cir. 1998)....8

*Peoples v. Discover Fin. Servs., Inc.*, 387 F. App'x 179 (3d Cir. 2010)....7

*Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548 (3d Cir. 2002)....4

*Reilly v. Ceridian Corp.*, 664 F.3d 38 (3d Cir. 2011) ................................................................. 3

*Shotz v. Cates*, 256 F.3d 1077 (11th Cir. 2001) ........................................................................... 4

*Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181 (3d Cir. 2006) ............................................. 3

*Walker v. Sam's Oyster House, LLC*, No. 18-cv-00193, 2018 WL 4466076 (E.D.
    Pa. Sept. 18, 2018) ................................................................................................... 5, 6, 8, 9

*Whitmore v. Arkansas*, 495 U.S. 149 ........................................................................................... 3

**STATUTES**

*42 U.S.C. § 12182(b)(2)(A)(ii)* ..................................................................................................... 8

ADA ............................................................................................................... 1, 4, 5, 6, 7, 8, 9

*Americans with Disabilities Act Title III, 42 U.S.C. §§ 12181, et seq.* ............................... 1, 5, 7, 10

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(1) ............................................................................ 2, 3, 6

Federal Rule of Civil Procedure 12(b)(6) ............................................................................ 5, 6, 8, 9

Defendant JWU LLC ("JWU"), by and through its undersigned counsel, submits this Memorandum of Law in Support of Defendant's Motion to Dismiss of the Complaint of Plaintiff Blair Douglass.

## I.   INTRODUCTION

Even at this early stage, it is clear that Plaintiff's claims must fail as a matter of law because Plaintiff has failed to allege sufficient facts which could allow him to demonstrate a violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181, *et seq.,* based upon the alleged access barriers encountered during Plaintiff's review of Defendant's website, JASONWUSTUDIO.COM (the "Website"). In particular, Plaintiff failed to allege facts that would demonstrate standing, where Plaintiff did not allege an intent to visit *any* physical place of public accommodation owned or operated by JWU, pursuant to the Third Circuit precedent limited "public accommodations" to physical places. Likewise, Plaintiff has failed to allege a nexus between JWU's Website and any injury he allegedly suffered in relation to a place of public accommodation owned, operated and controlled by JWU. Absent a nexus between a plaintiff's alleged injury and a defendant's physical location, the ADA does not apply to websites.

Further, even absent the issue of standing and pleading insufficiency based upon Third Circuit precedent for a physical place of public accommodation, Plaintiff also does not plead facts sufficient to demonstrate a lack of reasonable accommodation, where the allegations do not demonstrate that Plaintiff could not successfully make a purchase through the website while using any of screen access software he regularly uses, including JAWS 2022, or through use of the Accessibility Assistance phone number or email address provided by the Website.

II.    **STATEMENT OF FACTS**

Plaintiff alleges that he is "legally blind" and "relies on screen access software including JAWS 2022 from Freedom Scientific and VoiceOver with iOS, to access digital content, like an email, a website or an app." (Doc. 1, Compl. ¶ 21).

Defendant JWU LLC is a clothing and cosmetics company that operates a website with the internet address of [WWW.JASONWUSTUDIO.COM](WWW.JASONWUSTUDIO.COM) (Doc. 1, Compl. ¶ 25-26) but does not maintain any physical retail locations within the United States. In his Complaint, Plaintiff alleges that he "attempted to access Defendant's Digital Platform from Pittsburgh, Pennsylvania using JAWS 2022 from Freedom Scientific or VoiceOver with iOS (*i.e.,* on his Apple iPhone)." (Doc. 1, Compl. ¶ 39). Plaintiff alleges that because the Website was not "compatible with screen access software, including VoiceOver, [Plaintiff] is unable to understand, and thus is denied the benefit of, much of the content and services he wishes to access from his smartphone." (Doc. 1, Compl. ¶ 43). Plaintiff details alleged access barriers, none of which assert that he is unable to make a purchase on the Website using any screenreader software that he regularly uses or through the Accessibility Assistance phone number or email address provided by the Website. (*See* Doc. 1, Compl. ¶¶ 44-46).

Plaintiff alleges that the alleged access barriers "den[y] [Plaintiff] full and equal access to Defendant's online store and deters him from returning to the store in the future" and "deter [Plaintiff] from browsing the Digital Platform." (Doc. 1., Compl. ¶¶ 47-48). Plaintiff alleges that "The Digital Platform is a service, facility, advantage, or accommodation of Defendant." (Doc. 1., Compl. ¶ 57).

JWU does not address herein the factual inaccuracy of numerous allegations in the Complaint, including Plaintiff's descriptions of the alleged barriers hindering access to the

2

Website by visually-impaired users, nor will it address the accuracy of Plaintiff's legal assertions regarding the application of Title III of the ADA to the Website, where JWU does not maintain any physical retail locations. There is no need to address these matters because Plaintiff's claims fail as a matter of law.

### III. ARGUMENT

#### A. The Complaint Should Be Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(1) Because Plaintiff Lacked Standing When The Complaint Was Filed.

##### 1. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of actions for lack of subject matter jurisdiction. Standing is a matter of subject matter jurisdiction properly addressed under Rule 12(b)(1). *See Taliaferro v. Darby Twp. Zoning Bd.,* 458 F.3d 181, 188 (3d Cir. 2006). To survive a motion to dismiss under Federal Rule 12(b)(1), a plaintiff's complaint must allege facts sufficient to establish standing. *Reilly v. Ceridian Corp.,* 664 F.3d 38, 41 (3d Cir. 2011) ("It is the plaintiffs' burden, at the pleading stage, to establish standing"). The Complaint must "clearly and specifically set forth facts sufficient to satisfy" Article III. *Id.* (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155)(1990)).

Constitutional standing requires that a plaintiff suffer an "injury in fact," which amounts to "invasion of a legally protected interest that is: (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Danvers Motor Co. v. Ford Motor Co.*, 432 F.3d 286, 290-91 (3d Cir. 2005). The Third Circuit has explained that "[a]llegations of 'possible future injury' are not sufficient to satisfy Article III;" rather a threatened injury must be "certainly impending." *Reilly,* 664 F.3d at 42 (citing *Whitmore,* 495 U.S. at 158).

3

In ADA cases where injunctive relief is the only available remedy, "courts have found that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 561 (3d Cir. 2002) (quoting *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)). A plaintiff establishes a "real and immediate threat of future injury" by alleging he has a "definitive, uncontested intent" to visit a place of public accommodation. *Giterman v. Pocono Med. Ctr.*, 361 F. Supp. 3d 392, 405-06 (M.D. Pa. 2019); *accord Anderson v. Macy's Inc.*, 943 F. Supp. 2d 531, 538-42 (W.D. Pa. 2013).

### 2. Plaintiff Lacked Standing At The Time Of Filing The Complaint.

Plaintiff's Complaint failed to allege a cognizable "injury in fact" and therefore lacked standing at the time of filing. His alleged "injuries" are limited to assertions that due to the alleged access barriers "Defendant fails to communicate information about its products and services to Douglass effectively, which in turn denies Douglass full and equal access to Defendant's online store and deters him from returning to the store in the future" (Doc 1, Compl. ¶ 47) (emphasis added), "deter Douglass from browsing the Digital Platform" (Doc. 1, Compl. ¶ 48) (emphasis added), and Plaintiff "intends to attempt to access the Digital Platform within the next six months to research the products, services, and content Defendant offers or to test the Digital Platform for compliance with the ADA." (Doc. 1, Compl. ¶ 49) (emphasis added).

Plaintiff has not alleged a single fact that is capable of demonstrating "a concrete and particularized" or "real and immediate threat of future injury" with respect to a physical location. Nor can he credibly do so where JWU does not operate any retail locations. There

is no question that the Complaint failed to establish standing for Plaintiff to bring this action.

### 3. Plaintiff Has Not Alleged An "Injury In Fact."

Even if this Court were to conclude that Plaintiff's failure to allege an intent to visit a physical retail location owned, controlled or operated by Defendant was a mere defect, the Complaint nonetheless fails to establish that Plaintiff actually suffered an injury in fact.

While the Third Circuit Court has not yet "directly addressed the contours of the injury in fact requirement in ADA cases," district courts within the Third Circuit have employed two methods to consider whether a plaintiff's complaint under Title III of the ADA sufficiently states a concrete and particularized injury in fact: (i) the intent to return test; and (ii) the deterrent effect test. *See Walker v. Sam's Oyster House, LLC*, No. 18-cv-00193, 2018 WL 4466076, at *3 (E.D. Pa. Sept. 18, 2018); *Hollinger v. Reading Health Sys.*, No. 15-cv-5249, 2016 WL 376987, at *11 (E.D. Pa. July 14, 2016).

The intent to return test requires a showing that:

> (1) the plaintiff has alleged the defendant engaged in past discriminatory conduct that violates the ADA: (2) it is reasonable to infer from allegation in the complaint that the discriminatory conduct will continue; and (3) it is reasonable to infer based on past patronage, proximity of the public accomodation to the plaintiff's home, business, or personal connections to the area, that the plaintiff intends to return to the public accommodation in the future.

*Garner v. VIST Bank*, No. 12-cv-5258, 2013 WL 6731903, at *5 (E.D. Pa. Dec. 20, 2013). The deterrent effect test requires plaintiff to "show that he or she has actual knowledge of barriers preventing equal access and a reasonable likelihood that plaintiff would use the facility if not for the barriers." *Hollinger,* 2016 WL 3762987, at *11*; see also Walker*, 2018 WL 446607, at *3 (same).

5

Both tests require that plaintiff suffer an injury in relation to a place of public accommodation. Plaintiff's alleged access barriers are devoted to the Website, which is not a physical place and therefore not a "place of public accommodation" under the ADA. *See Ford v. Schering-Plough Corp.*, 145 F. 3d 601, 612 (3d Cir. 1998); *see also Walker,* 2018 WL 4466076, at *2 ("A website is *not a physical location* and therefore does not constitute a place of public accommodation under Section 12182(a) of the ADA.") (emphasis added).

Plaintiff cannot satisfy either test as his alleged facts regarding any injury in fact are solely directed to the Website, which is not a place of public accommodation under the ADA. Given Plaintiff's failure to establish an injury in fact, he lacks standing to sue and this Court may find that it does not have subject matter jurisdiction over Plaintiff's Complaint. Accordingly, Plaintiff's Complaint should be dismissed as a matter of law under Federal Rule of Civil Procedure 12(b)(1).

> **B.     The Complaint Should Be Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(6) Because Defendant's Website Is Not A "Place of Public Accommodation," And No Nexus To Its Physical Location Exists, and Plaintiff Has Not Alleged Facts Showing JWU Did Not Provide A Reasonable Accommodation.**

> **1.     Legal Standard**

To survive a motion to dismiss under Federal Rule 12(b)(6), a plaintiff must allege "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic

6

documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). To state a claim under Title III of the ADA, a Plaintiff must demonstrate (1) discrimination on the basis of disability; (2) in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation; (3) by the public accommodation's owner, lessor or operator." *Anderson v. Macy's, Inc.,* 943 F. Supp. 2d 531, 542-43 (W.D. Pa. 2013) (quoting *Harty v. Burlington Coat Factory of Pennsylvania LLC,* No. 11-cv-01923, 2011 WL 2415169 (E.D. Pa. Jun. 16, 2011). Defendant acknowledge that there is a district court split within the Third Circuit regarding whether a website, on its own, is a public accommodation under the ADA under *Ford v. Schering-Plough Corp.*, 145 F. 3d 601, 612 (3d Cir. 1998) and *Peoples v. Discover Fin. Servs., Inc.*, 387 F. App'x 179, 183 (3d Cir. 2010), including the Eastern District of Pennsylvania, *see Mahoney v. Herr Foods Inc.*, No. 19-5759, 2020 WL 1979153, at *3 (E.D. Pa. Apr. 24 2020) ("The unmistakable language of the Third Circuit's decisions under <u>Ford</u> and <u>Peoples</u> compels the conclusion that Defendant's website, on its own, is not a public accommodation under the ADA."), and the District Court of New Jersey, *see Demetro v. Nat'l Ass'n of Bunco Investigations*, No. 14-6521, 2019 WL 2612687, at *15 (D.N.J. Jun. 25, 2019) ("Moreover, the Third Circuit has held that, in the context of Title II of the [ADA], the term 'public accommodation…is limited to *physical* accommodations.").

Notably, the ADA "does not require a place of public accommodation to provide a plaintiff with the ideal or *preferred* accommodation; rather it requires that a defendant provide plaintiff with an accommodation that is reasonable and permits the plaintiff to participate equally in the good, service, or benefit being offered." *Hernandez v. El Pasoans*

*Fighting Hunger*, No. EP-21-cv-00055, 2021 WL 2763827, at *3 (W.D. Tex. Jul. 1, 2021) (quoting *Bailey v. Bd. of Comm'rs of Louisiana Stadium and Exposition Dist.*, 484 F. Supp. 3d 346, 365 (E.D. La 2020); 1 Americans with Disab. Pract & Compliance Manual § 4:1, Nondiscrimination Mandate. "Facilities need make only reasonable accommodations that are 'necessary'" and "are not required to make the preferred accommodation of plaintiffs' choice." *A.L. by and through D.L. v. Walt Disney Parks and Resorts US, Inc.*, 900 F.3d 1270, 1296 (11th Cir. 2018); 42 U.S.C. § 12182(b)(2)(A)(ii).

> 2. **Plaintiff Cannot State A Valid Claim Because He Has Failed To Establish A Nexus Between His Alleged Injuries and Any Physical Location Owned, Operated, Or Controlled By Defendant.**

Plaintiff's Complaint should be dismissed because JWU's Website is not a "place of public accommodation as that term is defined by the ADA, and Plaintiff has failed to establish a nexus between his alleged injury and any physical location owned, operated, or controlled by JWU.

The Third Circuit does not construe a website to be a place of public accommodation under the ADA unless "at the very least" the alleged injury "shares some 'nexus' between the physical place of public accommodation and the services denied in a discriminatory manner." *Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 120 (3d Cir. 1998); *see also Walker,* 2018 WL 4466076, at *2 (finding no nexus); *Anderson v. Macy's Inc.*, No. 2:12-cv-00556, 2012 WL 3155717, at *4 (W.D. Pa. Aug. 2, 2012) (same). Because the statutory cause of action is "tethered to the physical location of the place of public accommodation, a plaintiff must allege an injury suffered in relation to the place of public accommodation." *Walker*, 2018 WL 446607, at *2. Thus, a plaintiff's "mere

8

inability to access information on a website, without more, is not cognizable under the ADA as a matter of law." *Id.* at *3.

Here, the Complaint makes no attempt to assert a nexus with a physical location operated by Defendant, nor could Plaintiff credibly do so via an Amended Complaint. Plaintiff's alleged injuries are merely related to his alleged inability to access information on the Website. *See*, *e.g.*, Doc. 1, Compl., ¶¶ 47-50.  Plaintiff has not alleged that he was unable to access a physical retail location maintained by JWU.  Plaintiff's Complaint also failed to satisfy the Third Circuit's nexus requirement.  Given the above, Plaintiff's Complaint should be dismissed as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6).

> **3. The Complaint Fails To Allege Facts That The Website Failed To Provide A Reasonable Accommodation, Where The Pleading Does Not Claim Plaintiff Could Not Access The Website Though Any Of The Screenreader Software He Uses Or The Accessibility Assistance Provided By The Website.**

The Complaint includes allegations that Plaintiff utilizes two types of screenreader software to access websites: JAWS 2022 and VoiceOver.  Doc. 1, Compl., ¶ 21.  Plaintiff also claims to have attempted to access the Website with both JAWS 2022 and VoiceOver. *Id.* at ¶ 39.  However, the Complaint alleges only that the Website is incompatible with VoiceOver. *Id.* at ¶ 43.  Likewise, the allegations with hyperlink demonstratives all appear to have been based off of Plaintiff's use of VoiceOver to access the Website. *Id.* at ¶¶ 44 & 46.  Plaintiff does not allege that the Website is incompatible with JAWS 2022.  In addition to the factual deficiencies, Plaintiff has also failed to allege any facts regarding the other reasonable accommodations provided through the Accessibility Assistance on the Website.

Accordingly, Plaintiff's factual allegations are not legally sufficient to state a claim that the Website violates Title III of the ADA.  Accordingly, the Complaint should be dismissed.

## IV.     CONCLUSION

For the reasons set forth herein, Defendant JWU LLC respectfully requests this Honorable Court dismiss Plaintiff's Complaint For Declaratory And Injunctive Relief with Prejudice.

Dated: September 8, 2022

Respectfully submitted,

*/s/ Victoria D. Summerfield*
Victoria Summerfield (PA 311540)
TROUTMAN PEPPER HAMILTON SANDERS LLP
Union Trust Building
501 Grant Street, Third Floor
Pittsburgh, PA 15219
412.454.5033
victoria.summerfield@troutman.com

*Attorneys for Defendant JWU LLC*

## CERTIFICATE OF SERVICE

I, Victoria D. Summerfield, hereby certify that, on September 8, 2022, I electronically filed the foregoing Memorandum of Law in Support of Motion to Dismiss using CM / ECF which will send an electronic notification of such filing to all counsel of record.

/s/ *Victoria D. Summerfield*
Victoria D. Summerfield