IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BLAIR DOUGLASS,

      Plaintiff,                           22cv0936
                                            LEAD CASE

        v.

360SWEATER COMPANY, LLC,

      Defendant.

**MEMORANDUM ORDER OF COURT**

Before the Court is Defendant's motion to dismiss Plaintiff's complaint and its brief in support of same. ECF 68. Plaintiff has filed a response in opposition. ECF 89. The matter is ripe for adjudication.

## I. STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion, such as the one presented here, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563, n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

## II. BACKGROUND

Because the Court writes primarily for the benefit of the parties, the factual background shall be truncated. The Court assumes all facts set forth in the Complaints to be true solely for the purpose of deciding this Motion.

Plaintiff is a blind or visually impaired individual who claims Defendant's digital properties (*i.e.,* its websites) are not accessible to him in violation of the Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189.[1] Plaintiffs' Complaint alleges that a permanent injunction is necessary to ensure Defendant's websites will become, and will remain, accessible to Plaintiff and other blind or visually impaired individuals, in addition to other relief.

According to the Complaint, Defendant, hereinafter "360Sweater," is a California limited liability company with a principal place of business in California, and a brick-and-mortar store open to consumers in Aspen, Colorado, which also sells cashmere clothing and accessories to consumers through the internet.  See doc. no. 1, ¶ 24-26, in case no. 2:22-cv-00967.  In order purchase Defendant's products over the internet, consumers need to access, research, and/or execute the purchase of the products that 360Sweater sells to consumers through its website located at https://www.nakedcashmere.com/ (the "Digital Platform").  Id. Plaintiff alleges that 360Sweater owns, operates, and controls the Digital Platform, and is responsible for the development and maintenance of the Digital Platform.  Id., ¶ 27.

Relevant to this motion, Plaintiff's Complaint explains that "[i]ndividuals who are blind access the internet and mobile applications from smartphones and/or personal computers by using keyboard controls and screen access software which vocalizes information presented visually . . . or . . . on a user-provided refreshable braille display.  Such software provides the only method by which blind individuals can independently access digital information and content [and] [w]hen websites and applications are not designed to allow for use with screen access

---

[1] Plaintiff's Complaint notes, "[a]lthough styled as an individual action, the injunctive relief that Plaintiff seeks will inure to the benefit of an estimated 2.3 percent of the United States population who report having a visual disability, and to Defendant, who will extend its market reach to this population." ECF 1, at docket no. 22cv-00967.

software, blind individuals are unable to access the information, products and services offered through the internet." Id., ¶ 35.  Plaintiff specifically alleges that Sweater360 "is required to ensure that its Digital Platform communicates information about its products and services effectively to people with disabilities.  Despite this obligation, [Sweater360] fails to communicate this information effectively to individuals who are blind because the Digital Platform is not compatible with screen reader auxiliary aids." Id., ¶ 38.  Plaintiff's Complaint further alleges that as a result of this access barrier, Sweater360 "fails to communicate information about its products and services to [Plaintiff] effectively, which in turn denies [Plaintiff] full and equal access to [Sweater360's] online store and deters him from returning to the store in the future." Id., ¶ 47.

**III.  DISCUSSION**

Defendant, 360Sweater, argues that Plaintiff's Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for two reasons:  First, 360Sweater argues the Complaint should be dismissed because the Complaint "fails to aver facts demonstrating that 360Sweater did not provide a reasonable accommodation." ECF 68 at docket no. 22-cv-00936.  Second, 360Sweater contends the Complaint should be dismissed because Plaintiff failed to engage in the interactive process before asserting his claim under Title III of the ADA.  Id.

Plaintiff disagrees, claiming that he did aver facts demonstrating that 360Sweater did not provide a reasonable accommodation, and further notes that he is not required to engage in the interactive process before asserting his claim under Title III of the ADA.  Each argument will be addressed below.

### A. Facts Averred in Complaint Related to Reasonable Accommodation

The Complaint sets forth the following averments:

4

11. Unfortunately, Douglass cannot fully and equally access Defendant's Digital Platform (defined below) because Defendant's accessibility policies and practices have made it impossible to perceive, understand, or operate the platform's content with screen reader auxiliary aids.

*   *   *

### Defendant's Inaccessible Digital Platform

37. Defendant owns, operates, developed, procured, maintains and/or uses the Digital Platform for the purpose of communicating information about its products and services to consumers through computers, smartphones, and other mobile devices.

38. Defendant is required to ensure that its Digital Platform communicates information about its products and services effectively to people with disabilities. Despite this obligation, Defendant fails to communicate this information effectively to individuals who are blind because the Digital Platform is not compatible with screen reader auxiliary aids.

*   *   *

43. Unfortunately, because of Defendant's failure to build its Digital Platform in a manner that is compatible with screen access software, including VoiceOver, Douglass is unable to understand, and thus is denied the benefit of, much of the content and services he wishes to access from his smartphone.

44. As a result of visiting the Digital Platform in February 2022, and from investigations performed on his behalf at that time, Douglass found that Defendant fails to communicate information about its products and services effectively because screen reader auxiliary aids cannot access important content on the Digital Platform. Click the links at the end of each subparagraph to watch short videos illustrating some of the communication barriers on
Defendant's Digital Platform in February 2022.

    (a) Defendant prevents Plaintiff from accessing primary content on its mobile website. Consumers who use screen readers to shop online cannot access the content on the Digital Platform's mobile homepage because the page is entirely inaccessible on VoiceOver, the screen reader auxiliary aid built into iOS devices, like an iPhone. To this end, Defendant has designed its mobile homepage in such a way that VoiceOver skips the homepage's content, making it impossible for Plaintiff to access the menu button and to scroll down the homepage to access additional information related to the products that Defendant sells. These barriers deter Plaintiff

> from shopping from Defendant in-person and online from his iPhone and desktop computer.
>
> \* \* \*
>
> 75. Defendant is a place of public accommodation under the ADA because it is a "sales or rental establishment" and/or "other service establishment."
>
> 76. Defendant owns, operates, or maintains the Digital Platform.
>
> 77. The Digital Platform is a service, facility, privilege, advantage, or accommodation of Defendant.
>
> 78. The Digital Platform contains communication barriers that prevent full and equal use by blind persons, including Douglass, using screen access software.

ECF 1, at docket no. 22cv-00967.

To state a claim under Title III of the ADA, Plaintiff must show (1) discrimination on the basis of a disability; (2) in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation; (3) by the public accommodation's owner, lessor or operator. *Anderson v. Macy's Inc.,* 943 F.Supp.2d 531, 542-43. As applied to this case, the Court finds that Plaintiff's Complaint adequately pleads that he has suffered discrimination, based on his disability (his blindness), from fully and equally enjoying the goods sold by Sweater360 through its Digital Platform, thereby satisfying all three requirements.

Sweater360, however, argues through documents attached to its Motion to Dismiss, that it provided Plaintiff with a reasonable accommodation which would enable Plaintiff to remove the access barrier, gain access to Sweater360's Digital Platform, and thereby purchase Sweater360's goods from its website. Specifically, Sweater360 contends vis-à-vis the attached documents (in particular, email drafted on behalf of Sweater360), that it informed Plaintiff that it had made its online store accessible through "JAWS" (Job Access with Speech – a screen

reader), and thus, had essentially negated Plaintiff's claims that he can no longer read Sweater360's website. The Court disagrees with Sweater360's position that its attached documents are dispositive of its motion to dismiss for two reasons.

First, the "reasonable accommodation" provision of the ADA is unequivocally required under Title I, relating to employment. However, this Court notes that neither the ADA itself, nor the Supreme Court of the United States and/or the United States District Court of Appeals for the Third Circuit, have concluded that the interactive process leading to the determination of a reasonable accommodation is required under Title III of the ADA, relating to public accommodations. As such, this Court declines to apply the interactive process/reasonable accommodation provision of Title I to this case, which is a Title III ADA case.[2]

---

[2] Title III of the ADA reads in relevant part:

> (a) General rule
> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C.A. § 12182.

The term "discrimination" is defined under Title III as follows:
> (b) Construction
>     *     *     *
>     (2) Specific prohibitions
>         (A) Discrimination
> For purposes of subsection (a), discrimination includes--
> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;
> (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

7

Second, the documents which Sweater360 attached to its Motion to Dismiss may not be properly considered by this Court at this stage of the proceedings. Although district courts within the Third Circuit have held that when deciding a 12(b)(6) motion to dismiss a district court may properly consider documents beyond the complaint, the courts have limited those documents to "matters of public record including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion." *Stewart v. Keystone Real Est. Grp., LP*, No. 4:14-CV-1050, 2015 WL 7016534, at *3 (M.D. Pa. Nov. 12, 2015), relying on *Arzimendi v. Lawson,* 914 F.Supp. 1157 (E.D. Pa. 1996). In other words, this Court may consider three types of information outside of Plaintiff's complaint when deciding the instant motion to dismiss: (1) matters of public record (including actions of government agencies and administrative bodies); (2) documents referenced and incorporated in Plaintiff's complaint; and (3) undisputed documents essential to (or referenced in) Plaintiff's claim which are attached to Sweater360's motion.

---

(iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, and transportation barriers in existing vehicles and rail passenger cars used by an establishment for transporting individuals (not including barriers that can only be removed through the retrofitting of vehicles or rail passenger cars by the installation of a hydraulic or other lift), where such removal is readily achievable; and
(v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable.

*Id.*

To the extent that Defendant here contends that pursuant to § 12182 (b)(2)(A)(ii), it made a reasonable modification to its Digital Platform "to afford [its] goods . . . to individuals with disabilities" such as Plaintiff here through the use of JAWS, again, the Court finds this argument to be premature at this stage of the proceedings as set forth, *infra*.

Based on Plaintiff's response to Sweater360's motion to dismiss, the self-serving email attached to the motion to dismiss by Sweater360 is disputed. Whether Sweater360's site is accessible via the JAWS method of screen reading appears to be in question, and even if Sweater360's site is accessible via JAWS, Plaintiff questions whether access via JAWS is sufficient, because other screen readers, such as VoiceOver, may still encounter barriers to Sweater360's Digital Platform. Accordingly, whether Sweater360's accessibility through JAWS – if in fact, it is accessible through JAWS – satisfies the legal requirements of a public accommodation under Title III of the ADA and thereby subverts Plaintiff's claim is not an issue that this Court may resolve at this juncture of the proceeding. Rather, it is an issue that should be raised as an affirmative defense by Sweater360 and/or raised in a motion for summary judgment following the conclusion of discovery in this case.

## IV. CONCLUSION

Based on the foregoing law and authority, this court DENIES Sweater360's Motion to Dismiss ([ECF 68](#)). Defendant shall file an Answer on or before September 28, 2022.

**SO ORDERED**, this 22nd day of September 2022.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge