IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BLAIR DOUGLASS,

    Plaintiff,                    22cv0936
                                       LEAD CASE

    v.

BLENDJET INC.,

    Defendant.

BLAIR DOUGLASS,

    Plaintiff,                    22cv0949
                                        MEMBER CASE

    v.

JWU LLC,

    Defendant.

**MEMORANDUM OPINION**

Before the Court is a motion to dismiss and brief in support of same filed by Defendant JWU, LLC, in accordance with Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ. P. 12(b)(6). ECF 113 and ECF 114, at lead case number 22cv0936. Plaintiff filed a response in opposition to the motion to dismiss. The matter is ripe for adjudication, and the Court notes that it previously decided these precise issues in other, substantially similar cases.

**I. STANDARD OF REVIEW**

    **A. Rule 12(b)(1)**

A Motion to Dismiss pursuant to Fed. R.Civ.P. 12(b)(1) challenges this Court's "very power to hear the case." *See Judkins v. HT Window Fashions Corp.*, 514 F. Supp. 2d 753, 759

(W.D. Pa. 2007) (Lancaster, J.) (quoting *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).  As the party asserting jurisdiction, Plaintiff "bears the burden of showing that its claims are properly before the district court." *Dev. Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995).  In reviewing a Motion to Dismiss pursuant to Rule 12(b)(1), this Court must distinguish between facial attacks and factual attacks.  *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006).

A facial attack challenges the sufficiency of the pleadings, and the Court must accept the Plaintiff's allegations as true.  *Id.*  A Defendant who attacks a complaint on its face "[asserts] that considering the allegations of the complaint as true, and drawing all reasonable inferences in favor of [plaintiff], the allegations of the complaint are insufficient to establish a federal cause of action."  *Mullen v. Thompson*, 155 F. Supp. 2d 448, 451 (W.D. Pa. 2001).  Dismissal is proper under Rule 12(b)(1) only when "the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or. . . is wholly insubstantial and frivolous." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

In this case, a Defendant has launched a factual attack on subject matter jurisdiction. With respect to a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Petruska*, 462 F.3d at 302 (quoting *Mortenson*, 549 F.2d at 891).  In a factual attack, this Court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings.  *See United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

**B. Rule 12(b)(6)**

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563, n.8. Instead, this Court must ask whether the facts alleged raise a

3

reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

## II. BACKGROUND

Because the Court writes primarily for the benefit of the parties, the factual background shall be truncated. For purposes of the deciding the 12(b)(6) portion of Defendant's motion, the Court will assume all facts set forth in Plaintiff's Complaint are true.

Plaintiff is a legally blind and/or visually impaired individual who claims Defendant's digital properties (*i.e.,* its websites) are not accessible to him in violation of the Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189. "). ECF 1, at case number 22cv0949. Plaintiff's Complaint alleges that a permanent injunction is necessary to ensure Defendant's websites will become, and will remain, accessible to Plaintiff and other blind or visually impaired individuals, in addition to other relief. Id.

According to the Complaint, Defendant sells clothing, cosmetics, and more to consumers. In order to access, research, or purchase the products and services that Defendant offers, Plaintiff may visit Defendant's digital properties, located at https://jasonwustudio.com/ (the "Digital Platform"). Id., at ¶ 25-26. Plaintiff alleges that Defendant owns, operates, and controls the Digital Platform, and is responsible for the development and maintenance of the Digital Platform. Id., ¶ 27.

Relevant to this motion, Plaintiff's Complaint explains that "[i]ndividuals who are blind access the internet and mobile applications from smartphones and/or personal computers by using keyboard controls and screen access software which vocalizes information presented visually . . . or . . . on a user-provided refreshable braille display.  Such software provides the only method by which blind individuals can independently access digital information and content [and] [w]hen websites and applications are not designed to allow for use with screen access software, blind individuals are unable to access the information, products and services offered through the internet." Id., ¶ 35.  Plaintiff specifically alleges that Defendant "is required to ensure that its Digital Platform communicates information about its products and services effectively to people with disabilities.  Despite this obligation, Defendant fails to communicate this information effectively to individuals who are blind because the Digital Platform is not compatible with screen reader auxiliary aids." Id., ¶ 38.  Plaintiff's Complaint further alleges that as a result of this access barrier, Defendant "fails to communicate information about its products and services to [Plaintiff] effectively, which in turn denies [Plaintiff] full and equal access to Defendant's online store and deters him from returning to the store in the future." Id., ¶ 47.

## III. DISCUSSION

### A. Defendant's Fed.R.Civ.P. 12(b)(1) Argument

Defendant first argues that Plaintiff failed to sufficiently allege that he has standing to pursue this lawsuit.  ECF 114.  More specifically, Defendant contends that Plaintiff did "not allege a cognizable injury in fact'" and that Plaintiff failed to "allege a single fact that is capable of demonstrating a 'concrete and particularized' or 'real and immediate threat of future injury' with respect to physical location." Id., p. 4 (emphasis added).   As such, Defendant urges this

Court to dismiss Plaintiff's complaint, arguing that the facts as pled do not support subject matter jurisdiction.

Specifically, Defendant first claims that because Plaintiff failed to allege that he was unable to visit a physical location which Defendant owned, operated and/or controlled (as opposed to a virtual location – *i.e.,* Defendant's website), his Complaint must be dismissed. Defendant secondarily claims that Plaintiff failed to properly allege an "injury in fact" because he is unable to meet "the intent to return" test and "the deterrent effect" test. Both arguments are addressed below, seriatim.

In *Gniewkowski v. Lettuce Entertain You Enterprises, Inc.,* 251 F.Supp.3d 908 (W.D. 2017) this Court addressed this Defendant's first argument involving substantially similar, if not identical, facts. In *Gniewkowski*, this Court began its 12(b)(1) analysis by reciting the three-part test a plaintiff must meet to establish standing:

> With respect to standing, the United States Supreme Court has held:
>
>> [T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical[.] Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court. Third, it must be "likely," as opposed to merely "speculative," that the injury will be redressed by a favorable decision.
>
> *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotations and citations omitted); *see also Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 484–85 (3d Cir. 1998) (same three requirements must be met to establish standing). The Supreme Court noted that the party invoking federal jurisdiction bears the burden of establishing these three elements "with the manner and degree

> of evidence required at the successive stages of the litigation." *Id.* at 561. The Court further noted that "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Id.* (internal quotations and citation omitted).

*Id.* at 912.

Defendant here, like the defendant in *Gniewkowski*, contends that because Plaintiff has allegedly encountered disability-related barriers to Defendant's website (but has not encountered barriers to a "brick-and-mortar" structure owned, operated, or controlled by Defendant – *i.e.,* a "physical structure"), no injury-in-fact has occurred.  As explained in *Gniewkowski*, this Court has determined that Plaintiff's claim as he has asserted in the instant complaint adequately establishes subject matter jurisdiction because his general allegations support an injury-in-fact through his statements suggesting that Defendant's virtual store is inaccessible to him.[1] Accordingly, the general factual allegations of the injury resulting from Defendant's conduct as pled by Plaintiff suffice to survive Defendant's FedR.Civ.P. 12(b)(1) motion to dismiss.

### B. Defendant's Fed.R.Civ.P. 12(b)(6) Argument

Defendant next argues (as many other defendants have in substantially similar cases), that Plaintiff's complaint in the instant case should be dismissed in accordance with Fed.R.Civ.P. 12(b)(6) for failure to state a claim because Defendant's website is not a "place of public accommodation."

---

[1] Notably, Plaintiff alleged that: (1) he is visually impaired, (2) requires a screen reader to help him read websites so as to purchase goods and services offered by companies (such as Defendant here), and (3) the website owned and operated by Defendant was inaccessible to him because Defendant had failed to make his website accessible to screen readers. Plaintiff also alleged that the barrier(s) to Defendant's website deny Plaintiff full and equal access to the goods and services Defendant offers and deters Plaintiff from attempting to use Defendant's website in the future.  These allegations made by Plaintiff (as this Court held in *Gniewkowski*), constitute an injury-in-fact under Article III of the ADA.

7

This Court has repeatedly and consistently held that the ADA does not require a place of public accommodation to include or require a physical nexus. *See Douglass v. Hedley and Bennett, Inc.*, No. 2:21-cv-01165-AJS, Doc. 107 (W.D. Pa. Dec. 9, 2021); *Douglass v. Hedley and Bennett, Inc.*, No. 2:21-cv-01165-AJS, Doc. 33 (W.D. Pa. Oct. 14, 2021); *Douglass v. '47 Brand, LLC*, No. 2:20-cv-00491-AJS, Doc. 138 (W.D. Pa. Aug. 21, 2020); *Douglass v. '47 Brand, LLC,* No. 2:20-cv-00491-AJS, Doc. 92 (W.D. Pa. July 8, 2020); *Clark v. McCormick & Co., Inc.*, Case No. 1:19-cv-00301-AJS, Doc. 99 (W.D. Pa. Jan. 16, 2020); *West v. DocuSign, Inc.*, 2019 U.S. Dist. LEXIS 138379 (W.D. Pa. Aug. 15, 2019); *Suchenko v. ECCO USA, Inc.,* 2018 U.S. Dist. LEXIS 139050 (W.D. Pa. Aug. 16, 2018); *Suchenko v. ECCO USA*, Inc., 2018 U.S. Dist. LEXIS 129862 (W.D. Pa. Aug. 2, 2018); and *Gniewkowski*, 251 F. Supp. 3d 908.

This Court bases this decision, like all of its prior, above-referenced decisions on the basis that Defendant owns, operates, and controls the property at issue (*i.e.* Defendant's website). The fact that Defendant owns and operates its website, distinguishes this case and all of the above-referenced cases from the opinions issued in by the United States Court of Appeals in *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 614 (3d Cir. 1998) (where the Schering-Plough did not own, possess, or exercise control over the location where the discrimination occurred, and thus, the Court of Appeals held that "a public accommodation is a place. . . . "); and *Peoples v. Discover Fin. Servs., Inc.*, 387 Fed. Appx 179, 183 (3d Cir. 2010) (because the Court of Appeals found that Discover Financial did not own, possess, or exercise control over the location where the discrimination occurred, the Appeals Court held "that the term ['public accommodation'] is limited to physical accommodations.").

More recently, the United States District Court for the Eastern District of Pennsylvania has applied a "nexus test" to determine that business websites – on their own – are not "public

accommodations" <u>unless</u> they bear some nexus to a physical place or accommodation. The Court again declines to adopt this reasoning. Rather, the Court notes that in the instant case (like all of the prior, above-mentioned cases), Plaintiff argues that "Title III's anti-discrimination mandate broadly prohibits denying individuals with disabilities 'full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations' provided by any public accommodation. 42 U.S.C. § 12182(a)." The Court finds that Defendant – who solely engages in ecommerce – is not excused from Title III's mandate merely because it does not operate a brick-and-mortar store. To do otherwise would thwart the very purpose of the Americans with Disabilities Act.[2]

The Complaint has sufficiently pled a claim that the goods (and/or services related to its goods) which Defendant provides to the public at large are not readily available to disabled persons, specifically plaintiff and individuals like Plaintiff who are blind or are visually impaired, because Defendant's Digital Properties which includes its website (which Defendant allegedly owns and operates), denies Plaintiff access to its goods (and services).

---

[2] As explained by Congress:
>It is the purpose of this chapter--
>(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities; and
>(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C.A. § 12101.

## IV. CONCLUSION

Based on the foregoing, Defendant's Motions to Dismiss Plaintiff's Complaint , [ECF 113](#), will be DENIED.  An appropriate Order will issue.

/s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF Counsel of Record