**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BLAIR DOUGLASS, | Lead Case No. 2:22-cv-00936 |
| Plaintiff, | |
| v. | |
| BLENDJET INC., | |
| Defendant. | |
| BLAIR DOUGLASS, | Member Case No. 2:22-cv-00945 |
| Plaintiff, | |
| v. | |
| METABOLIC MEALS, LLC, | |
| Defendant. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................... 1

II.     FACTUAL AND PROCEDURAL BACKGROUND ...................................................... 1

III.    STANDARD OF REVIEW .................................................................................... 2

IV.    ARGUMENT .................................................................................................... 3

      A.     Applicable Law ................................................................................... 3

      B.     Plaintiff Is An Individual With A "Disability" ...................................... 4

      C.     Defendant Is A "Public Accommodation" ........................................... 5

             (i)     Defendant meets Title III's definition of "public accommodation" ......... 5

             (ii)    Title III's text does not include a "physical nexus" requirement .............. 5

             (iii)   Defendant owns, operates, and controls the property where Plaintiff was discriminated ................................................... 6

      D.     Defendant Violated Title III's Anti-Discrimination Mandate And Effective Communication Requirement ................................................ 7

V.      CONCLUSION .................................................................................................. 9

## TABLE OF AUTHORITIES

**Cases**

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................................ 3

*Bostock v. Clayton Cty.*,
140 S. Ct. 1731 (2020) ................................................................................... 6

*Clark v. McCormick & Co., Inc.*,
No. 1:19-cv-00301-AJS, Doc. 99 (W.D. Pa. Jan. 16, 2020) ................................. 5

*Douglass v. '47 Brand, LLC*,
No. 2:20-cv-00491-AJS, Doc. 92 (W.D. Pa. July 8, 2020) ................................... 5

*Douglass v. '47 Brand, LLC*,
No. 2:20-cv-00491-AJS, Doc. 138 (W.D. Pa. Aug. 21, 2020) .............................. 5

*Douglass v. Blendjet Inc.*,
2022 U.S. Dist. LEXIS 171718 (W.D. Pa. Sept. 22, 2022) ............................... 5, 7

*Douglass v. Hedley & Bennett, Inc.*,
No. 2:21-cv-01165-AJS, Doc. 33 (W.D. Pa. Oct. 14, 2021) ................................. 5

*Douglass v. Hedley & Bennett, Inc.*,
No. 2:21-cv-01165-AJS, Doc. 107 (W.D. Pa. Dec. 9, 2021) ................................. 5

*Ford v. Schering-Plough Corp.*,
145 F.3d 601 (3d Cir. 1998) ............................................................................. 6

*Gniewkowski v. Lettuce Entertain You Enters., Inc.*,
251 F. Supp. 3d 908 (W.D. Pa. Apr. 21, 2017) ................................................ 5, 8

*McGann v. Cinemark USA, Inc.*,
873 F.3d 218 (3d Cir. 2017) ..................................................................... 3, 4, 7, 9

*Murphy v. Bob Cochran Motors, Inc.*,
No. 19-cv-00239, 2020 U.S. Dist. LEXIS 139887 (W.D. Pa. Aug. 4, 2020) ........ 6

*Phillips v. Cty. Of Allegheny*,
515 F.3d 224 (3d Cir. 2008) ............................................................................. 2

*Peoples v. Discover Fin. Servs., Inc.*,
387 F. App'x 179 (3d Cir. 2010) ....................................................................... 6

*Riccio v. Sentry Credit, Inc.*,
   954 F.3d 582 (3d Cir. 2020) ........................................................................... 6

*Sipe v. Am. Casino & Entm't Props., LLC*,
   2016 U.S. Dist. LEXIS 53147 (W.D. Pa. Apr. 20, 2016) ....................................... 2

*Suchenko v. Ecco USA, Inc.*,
   2018 U.S. Dist. LEXIS 129862 (W.D. Pa. Aug. 2, 2018) ................................. 5, 8

*Suchenko v. Ecco USA, Inc.*,
   2018 U.S. Dist. LEXIS 139050 (W.D. Pa. Aug. 16, 2018) ............................... 5, 8

*West v. DocuSign, Inc.*,
   2019 U.S. Dist. LEXIS 138379 (W.D. Pa. Aug. 15, 2019) ............................... 5, 8

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'antisemitisme*,
   433 F.3d 1199 (9th Cir. 2006) ....................................................................... 2

**Rules**

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 2

**Statutes and Regulations**

28 C.F.R. § 36.303(b)(2) .................................................................................. 3

28 C.F.R. § 36.303(c)(1) .................................................................................. 3

28 C.F.R. § 36.307(a) ....................................................................................... 8

42 U.S.C. § 12102(1)(A) ................................................................................... 4

42 U.S.C. § 12102(2)(A) ................................................................................... 5

42 U.S.C. § 12181(7)(E) ................................................................................... 5

42 U.S.C. § 12182(a) ..................................................................................... 3, 7

42 U.S.C. § 12182(b)(1)(A)(i) .......................................................................... 3

42 U.S.C. § 12182(b)(2)(A)(iii) ..................................................................... 3, 7

**Other Authorities**

Appendix A to Part 36 - Guidance on Revisions to ADA Regulation on Nondiscrimination
   on the Basis of Disability by Public Accommodations and Commercial Facilities ............... 4

Brief of the United States as Amicus Curiae in Support of Appellant,
   *Hooks v. Okbridge, Inc.*, No. 99-50891 (5th Cir. June 30, 2000) .......................................... 4

Dep't of Justice, *ADA Requirements: Effective Communication* (Jan. 2014) .............................. 4

## I.    <u>INTRODUCTION</u>

Plaintiff Blair Douglass claims that Defendant Metabolic Meals, LLC violated the general accessibility mandate and effective communication requirements of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189, by failing to make its online store compatible with screen reader auxiliary aids.

Defendant moved to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6). Defendant argues that a store is not a place of public accommodation under Title III unless it has some nexus to a physical location, and that Defendant's online store has no such nexus because Defendant does not own or operate any physical locations that are open to the general public.

The Court has consistently rejected Defendant's argument. The Court should do so again because nothing in the text of Title III limits its application to physical locations and because the complaint alleges that Defendant owns, operates, and controls the property where Plaintiff was discriminated—Defendant's website.

## II.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Plaintiff is blind and, as a result of his blindness, uses screen reader auxiliary aids to access digital information. (Doc. 1, ¶ 21.)[1] Defendant is a sales establishment that sells and delivers prepared meals from its place of business in Missouri through the internet to customers in Pennsylvania. (*Id*., ¶¶ 14, 24-26, 75.) Plaintiff alleges Defendant denies him equal access to these goods and services because Defendant's "accessibility policies and practices have made it impossible to perceive, understand, or operate [Defendant's online store] with screen reader auxiliary aids." (*Id*., ¶ 11.) This is because the store "contains communication barriers that prevent

---

[1] Citations to "Doc. 1" refer to Plaintiff's complaint, filed at *Douglass v. Metabolic Meals, LLC*, No. 2:22-cv-000945, Doc. 1 (W.D. Pa. June 29, 2022).

full and equal use by blind persons, including [Plaintiff], using screen access software." (*Id.*, ¶ 78.) For example, Plaintiff alleges Defendant's shopping cart button is inaccessible via screen readers, despite this feature being available to consumers who are not blind. (*Id.*, ¶ 46(c).) Plaintiff alleges that this barrier and others identified through investigations performed on his behalf "mak[e] it unlikely (or impossible) for Plaintiff to complete a purchase" from the store, (*id.*), and "deter [Plaintiff] from attempting to use the [store]" in the future. (*Id.*, ¶ 80.) Plaintiff alleges that, notwithstanding this discrimination, he "intends to attempt to access the [store] within the next six months." (*Id.*, ¶ 81.) Plaintiff alleges this "discrimination is ongoing." (*Id.*, ¶ 82.)

Consistent with public policy encouraging the resolution of "dispute[s] informally by means of a letter," *see Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'antisemitisme*, 433 F.3d 1199, 1208 (9th Cir. 2006), which "clearly[] [are] the most expedient and cost-effective means of resolving" website accessibility claims, *see Sipe v. Am. Casino & Entm't Props., LLC*, 2016 U.S. Dist. LEXIS 53147, *11 (W.D. Pa. Apr. 20, 2016), Plaintiff contacted Defendant about its inaccessible store before commencing litigation. (Doc. 1, ¶ 45.) This was unsuccessful. (*Id.*) Consequently, Douglass filed his complaint on June 29, 2022.

## III.    **STANDARD OF REVIEW**

Rule 12(b)(6) provides for the dismissal of complaints that fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Where

the plaintiff alleges facts that entitle him to relief, a Rule 12(b)(6) motion should be denied. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007).

IV.    <u>**ARGUMENT**</u>

    A.    **Applicable Law**

"Title III begins with a '[g]eneral rule' that '[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation.'" *McGann v. Cinemark USA, Inc*., 873 F.3d 218, 222 (3d Cir. 2017) (quoting 42 U.S.C. § 12182(a)). The statute contains "several 'general prohibitions,'" including a prohibition against "denying an individual on the basis of a disability 'the opportunity . . . to participate in or benefit from the goods [or] services' of a public accommodation." *Id*. (quoting 42 U.S.C. § 12182(b)(1)(A)(i)). These general prohibitions are supplemented by "several 'specific prohibitions,'" including an "auxiliary aids and services" requirement, which "requires public accommodations to 'take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.'" *Id*. (emphasis omitted) (quoting 42 U.S.C. § 12182(b)(2)(A)(iii)).

The Department of Justice ("DOJ") issued regulations to implement the ADA, including the "auxiliary aid and service" requirement. *McGann*, 873 F.3d at 222. These regulations define "screen reader software" as being a covered "auxiliary aid and service." 28 C.F.R. § 36.303(b)(2). The regulations "also include[] an effective communication requirement," which requires public accommodations to "furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." *Id.* at 222-23 (quoting 28 C.F.R. § 36.303(c)(1)). "DOJ regulatory guidance notes that the duty to provide effective communication

with customers is 'implicit' in the duty of a public accommodation to provide auxiliary aids and services." *Id.* at 223 (quoting Appendix A to Part 36 - Guidance on Revisions to ADA Regulation on Nondiscrimination on the Basis of Disability by Public Accommodations and Commercial Facilities).[2] The DOJ also has issued a Technical Assistance Publication, which provides guidance on "communicating effectively with individuals who have vision, hearing, or speech disabilities." *Id.* (citing Dep't of Justice, *ADA Requirements: Effective Communication* (Jan. 2014)).[3] This publication requires the provision of "information technology that is accessible (either independently or through assistive technology such as screen readers)." Dep't of Justice, *ADA Requirements: Effective Communication* (Jan. 2014).

Finally, the DOJ has clearly and unambiguously stated, for more than two decades, that, "A COMMERCIAL BUSINESS PROVIDING SERVICES SOLELY OVER THE INTERNET IS SUBJECT TO THE ADA'S PROHIBITION AGAINST DISCRIMINATION ON THE BASIS OF DISABILITY." *See* Brief of the United States as Amicus Curiae in Support of Appellant, *Hooks v. Okbridge, Inc.*, No. 99-50891 (5th Cir. June 30, 2000) (emphasis in original).[4] The DOJ's position has not changed.

### B.      Plaintiff Is An Individual With A "Disability."

Plaintiff is an individual with a "disability." With respect to an individual, "disability" is defined, in pertinent part, as "a physical or mental impairment that substantially limits one or more major life activities of such individual[.]" 42 U.S.C. § 12102(1)(A). The ADA defines "major life

---

[2] This guidance is available at https://www.ecfr.gov/current/title-28/chapter-I/part-36/appendix-Appendix%20A%20to%20Part%2036 (last visited Oct. 3, 2022).

[3] This guidance is available at http://www.ada.gov/effective-comm.htm (last visited Oct. 3, 2022).

[4] This brief is available at https://www.justice.gov/sites/default/files/crt/legacy/2010/12/14/hooks.pdf (last visited Oct. 3, 2022).

activities" to include, in relevant part, "seeing[.]" *Id*. § 12102(2)(A). The complaint alleges that Plaintiff "is and, at all times relevant hereto, has been legally blind[.]" (Doc. 1, ¶ 21.) As a result, the complaint sufficiently alleges that Plaintiff is an individual with a "disability."

### C.     Defendant Is A "Public Accommodation."

#### (i)     Defendant meets Title III's definition of "public accommodation."

Title III defines a "public accommodation" as including "a bakery, grocery store, . . . or other sales . . . establishment[.]" 42 U.S.C. § 12181(7)(E). The complaint alleges that "Defendant sells personalized meal plans to consumers." (Doc. 1, ¶ 25.) Accepting these allegations as true, Defendant meets the definition of a "public accommodation."

#### (ii)     Title III's text does not include a "physical nexus" requirement.

Defendant argues that Title III only applies to public accommodations that operate physical locations, but the Court has rejected this argument at least ten times. *See Douglass v. Blendjet Inc.*, 2022 U.S. Dist. LEXIS 171718 (W.D. Pa. Sept. 22, 2022); *Douglass v. Hedley & Bennett, Inc.*, No. 2:21-cv-01165-AJS, Doc. 107 (W.D. Pa. Dec. 9, 2021); *Douglass v. Hedley & Bennett, Inc.*, No. 2:21-cv-01165-AJS, Doc. 33 (W.D. Pa. Oct. 14, 2021); *Douglass v. '47 Brand, LLC*, No. 2:20-cv-00491-AJS, Doc. 138 (W.D. Pa. Aug. 21, 2020); *Douglass v. '47 Brand, LLC*, No. 2:20-cv-00491-AJS, Doc. 92 (W.D. Pa. July 8, 2020); *Clark v. McCormick & Co., Inc.*, No. 1:19-cv-00301-AJS, Doc. 99 (W.D. Pa. Jan. 16, 2020); *West v. DocuSign, Inc.*, 2019 U.S. Dist. LEXIS 138379 (W.D. Pa. Aug. 15, 2019); *Suchenko v. Ecco USA, Inc.*, 2018 U.S. Dist. LEXIS 139050 (W.D. Pa. Aug. 16, 2018); *Suchenko v. Ecco USA, Inc.*, 2018 U.S. Dist. LEXIS 129862 (W.D. Pa. Aug. 2, 2018); *Gniewkowski v. Lettuce Entertain You Enters., Inc.*, 251 F. Supp. 3d 908 (W.D. Pa. Apr. 21, 2017).

These decisions are correct. They apply the plain meaning of Title III's text, which does not include a physical nexus requirement. Further, they comport with the statutory analysis

outlined in *Bostock v. Clayton Cty.*, 140 S. Ct. 1731 (2020), as Magistrate Judge Lanzillo explained

in a substantially similar digital accessibility case:

> The Court held that where Congress establishes a broad rule without any
> exceptions, "courts apply the broad rule" because federal jurisprudence recognizes
> no "canon of donut holes," in which Congress's failure to speak directly to a
> specific case that falls within a more general statutory rule creates a tacit
> exception." *Id*. Likewise, although the only "public accommodations" known to
> Congress when it adopted the ADA were buildings and ancillary physical facilities,
> it does not follow that such accommodation[s] are limited to such structures.

*Murphy v. Bob Cochran Motors, Inc.*, No. 19-cv-00239, 2020 U.S. Dist. LEXIS 139887, at *20

n.5 (W.D. Pa. Aug. 4, 2020); *see also Riccio v. Sentry Credit, Inc.*, 954 F.3d 582, 588 (3d Cir.

2020) (refusing to "[i]nject[] a writing requirement" that did not appear in the statute's text).

### (iii) Defendant owns, operates, and controls the property where Plaintiff was discriminated.

The Court's prior decisions rejecting Defendant's "physical nexus" argument recognize an

important distinction between the current case and two cases upon which Defendant relies—

namely *Ford v. Schering-Plough Corp.*, 145 F.3d 601 (3d Cir. 1998), and *Peoples v. Discover Fin.*

*Servs., Inc.*, 387 F. App'x 179 (3d Cir. 2010). In the current case, "Defendant owns, operates,

and/or controls [its online store] and is responsible for the policies, practices, and procedures

concerning [the store's] development and maintenance." (Doc. 1, ¶ 27.) In contrast, in *Ford* and

*Peoples*, this was not the case. *See Ford*, 145 F.3d at 612-13 (defendant employer did not own,

operate, or control insurance office where discrimination occurred); *Peoples*, 387 F. App'x at 183-

84 (defendant credit card company did not own, operate, or control apartment where discrimination

occurred).

Defendant is a "public accommodation" because it sells goods to consumers. It makes no

difference under Title III whether Defendant conducts business entirely online or in a physical

location, or whether its online business has a nexus to a physical location. "To [hold] otherwise

would thwart the very purpose of the Americans with Disabilities Act." *Douglass v. Blendjet Inc.*, 2022 U.S. Dist. LEXIS 171718 at *13.

**(D)    Defendant Violated Title III's Anti-Discrimination Mandate And Effective Communication Requirement.**

As described above, Title III's anti-discrimination mandate broadly prohibits denying individuals with disabilities "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" provided by any public accommodation. 42 U.S.C. § 12182(a). This is supplemented by Title III's effective communication requirement, which "requires public accommodations to 'take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.'" *McGann*, 873 F.3d at 222 (emphasis omitted) (quoting 42 U.S.C. § 12182(b)(2)(A)(iii)).

Defendant violated Title III's anti-discrimination mandate and effective communication requirement by failing to ensure its ecommerce website is fully and equally accessible through screen reader auxiliary aids. The complaint alleges that Defendant's "accessibility policies and practices have made it impossible to perceive, understand, or operate [Defendant's online store] with screen reader auxiliary aids." (Doc. 1, ¶ 11.) In support, the complaint alleges that Plaintiff visited Defendant's online store in April 2021 and June 2022. (*Id.*, ¶¶ 44, 46.) On each occasion, Plaintiff could not access "information about [Defendant's] products and services effectively because screen reader auxiliary aids [could not] access important content on [the online store]." (*Id.*) The complaint describes some of these communication barriers, and others identified through investigations performed on Plaintiff's behalf. (*Id.*) For example, Defendant's shopping cart button is inaccessible via screen readers, despite this feature being freely available to sighted consumers. (*Id.*, ¶ 46(c).) This access barrier "mak[es] it unlikely (or impossible) for Plaintiff to complete a

7

purchase" from the store, (*id.*), which "deter[s] [Plaintiff] from attempting to use the [store]" in the future, (*id.*, ¶ 80). This violates Title III's anti-discrimination mandate, generally, and its effective communication requirement, specifically, because Defendant's failure to ensure that its website is accessible to screen readers restricts, or outright prevents, Plaintiff from purchasing or accessing the goods and services Defendant offers consumers who are not blind.

The Court has consistently denied similar Rule 12(b)(6) motions to dismiss, finding that plaintiffs who encountered similar barriers stated claims for which relief could be granted. In *Gniewkowski*, the plaintiff alleged she could not access the "financial services information" a bank provided on its website. *Gniewkowski*, 251 F. Supp. 3d at 918. The bank moved to dismiss the plaintiff's claims under Rule 12(b)(6). The Court denied the motion, finding that the plaintiff's inability to access the bank's financial services information gave rise to a claim under Title III. *Id.*; *see also West*, 2019 U.S. Dist. LEXIS 138379, at *15 (denying Rule 12(b)(6) motion where plaintiff alleged she could not "access the content on Defendant's website"); *Suchenko*, 2018 U.S. Dist. LEXIS 139050, at *10 (same); *Suchenko*, 2018 U.S. Dist. LEXIS 129862, at *9 (same).

Consistent with these decisions, the Third Circuit explained that individuals with a disability have a right to "peruse" a public accommodation's goods and services. In *McGann*, another Title III case concerning the effective communication requirement and auxiliary aids, the Third Circuit explained:

> A bookstore offers customers the ability to select and purchase books from the store's shelves and inventory. Our case law and 28 C.F.R. § 36.307(a) instruct that a bookstore may not need to offer Brailled versions of books, if doing so would require altering the mix of goods provided. But we would have little trouble concluding that a bookstore had denied service to a customer if that customer was forbidden from perusing the store's existing selection or purchasing whatever book he or she chose. So, as the District Court's opinion implied and Cinemark does not dispute, the bookstore may need to provide an auxiliary aid or service to assist a customer who is blind with selecting and purchasing a book, so that he or she is not

excluded from or denied the goods already offered by the bookstore, in violation of Title III.

*McGann*, 873 F.3d at 228 (internal citations omitted). Like the customer in *Gniewkowski* and the bookworm in *McGann*, the complaint alleges that Defendant failed to provide an auxiliary aid or service so Plaintiff could access the goods and services that Defendant already offers consumers who are not blind. As it has done before, and as the Third Circuit would likely find on appeal, the Court should find that these allegations state a claim under Title III's general anti-discrimination mandate and effective communication requirement. The Court should deny the motion to dismiss.

**V.   CONCLUSION**

Plaintiff's complaint states a claim under Title III. Defendant—a public accommodation—denied Plaintiff—an individual with a disability—full and equal enjoyment of Defendant's good and services because Defendant's online store is not compatible with screen reader auxiliary aids, in violation of the ADA's general anti-discrimination mandate and specific effective communication requirement. Consequently, Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss.

Dated: October 4, 2022          */s/ Kevin W. Tucker*
_____
Kevin W. Tucker (He/Him) (PA 312144)
Kevin J. Abramowicz (He/Him) (PA 320659)
Chandler Steiger (She/Her) (PA 328891)
Stephanie Moore (She/Her) (PA 329447)
**EAST END TRIAL GROUP LLC**
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
Tel. (412) 877-5220
Fax. (412) 626-7101
ktucker@eastendtrialgroup.com
kabramowicz@eastendtrialgroup.com
csteiger@eastendtrialgroup.com
smoore@eastendtrialgroup.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on October 4, 2022, a true and correct copy of the foregoing document was filed via the Court's CM/ECF system and will be served upon all counsel of record.

Dated: October 4, 2022        */s/ Kevin W. Tucker*

                                  Kevin W. Tucker (He/Him)